## MICHAEL G. DEVENEY *vs.* DANIEL S. BAXTER.

Norfolk.    May 26, 1892. — June 23, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

### *Evidence as Part of the Res Gestæ.*

In an action for money had and received, it appeared that, in consideration of a sum to be paid by the plaintiff to the defendant, three contracts were to be annulled, and the defendant was to convey to the plaintiff land by a deed which the defendant was to leave at a savings bank with its treasurer. The time when the money was to be paid was in dispute, the defendant contending that it was to be left at the bank on a certain day, when he was to leave his deed there and receive the money, and that he had carried out his part of the agreement, but no money had been left there for him; while the plaintiff contended that it was agreed that a third party was to furnish him with a portion of the money, for which the third party was to receive a mortgage on the land, and that the defendant was first to leave the deed with the treasurer, who was to notify all parties, and then all were to meet the treasurer at the bank and close the transaction, and also that the money was to be at the bank ready for

the defendant. *Held*, that, in support of the plaintiff's contention, evidence of the third party was admissible as part of the *res gestæ* that "before the time defendant delivered his deed to said G. [the treasurer] I had money deposited in said savings bank for that purpose. I took it up, and went and told Mr. G. the money was ready any time when the deed was."

BARKER, J. The action was to recover money which the defendant had a right to retain unless he had failed to perform his part of an oral agreement, some of the terms of which were in dispute. It appeared that, in consideration of a sum to be paid by the plaintiff to the defendant, three previously existing contracts between them were to be annulled, and that the defendant was to convey to the plaintiff certain land by a deed which the defendant was to leave at the Quincy Savings Bank with Gill, its treasurer. The time when the money was to be paid was in dispute, the defendant contending that it was to be left at the bank on a certain day, on which day he was to leave his deed there, and to receive the money, and he had so testified, and also that he took the deed there on the day and demanded the money, and that none had been left there for him. If the jury should find the agreement to have been as the defendant contended, his defence would be established. But in rebuttal the plaintiff contended, and introduced evidence tending to prove, that it was a part of the agreement that one Ramsdell was to furnish him with a portion of the money, for which Ramsdell was to receive from him a mortgage on the land, and that the defendant was first to leave the deed at the bank with Gill, who thereupon was to notify all parties, and that then all were to meet Gill at the bank and to close the transaction, and also that the money was at the bank ready for the defendant. In support of this contention the plaintiff called Ramsdell as a witness, and was allowed, against the defendant's exception, to introduce his testimony, which is thus stated in the bill of exceptions: "Before the time defendant delivered his deed to said Gill I had money deposited in the said savings bank for that purpose. I took it up, and went and told Mr. Gill the money was ready any time when the deed was." The admissibility of this testimony is the only question for decision.

So far as the declaration of Ramsdell to Gill is concerned, it was in the nature either of a notice to Gill, or of a statement

accompanying and giving character to an act of which it was a part; and so, if the notice was relevant to the contract, as contended by the plaintiff, or if the procurement of the money by Ramsdell, and his having it ready to be advanced to the plaintiff so that the latter might be prepared to make his payment to the defendant, was a part of the transaction to be accomplished by the agreement, as the plaintiff asserted it to be, both Ramsdell's statement to Gill and the other acts of Ramsdell with reference to the money were admissible.

The bill of exceptions is far from clear, and the pleadings do not help us to see the bearing of the testimony to which the objection was made. The testimony itself is somewhat ambiguous, but we understand it to mean that Ramsdell, having agreed with the plaintiff and the defendant that he would advance to the former, on a mortgage of the land, money with which to make the promised payment, drew or " took up" from the savings bank the money which he intended so to use, and notified Gill that the money was ready at any time when the deed was. This would seem to have been a contemplated step in the performance of the agreement, as the plaintiff contended the agreement to have been, and therefore admissible in order to show that the non-performance of that agreement was upon the part of the defendant. We cannot say from the bill of exceptions that performance of the agreement on the part of the plaintiff did not require that the money should be procured, and notice of that fact given to Gill to enable him to call the final meeting of all parties. The oral statement falls within the rule that declarations made at the time of the doing of an act, and characterizing it and showing the intention and purpose of the actor, are a part of the *res gestæ*, and so admissible in evidence, like other material facts. *Lund* v. *Tyngsborough*, 9 Cush. 36. *Elmer* v. *Fessenden*, 151 Mass. 359, 361. *Gorham* v. *Canton*, 5 Greenl. 266. *Baring* v. *Calais*, 11 Maine, 463. *Corinth* v. *Lincoln*, 34 Maine, 310, 312.

*Exceptions overruled.*

*J. E. Tirrell*, for the defendant.
*G. R. Swasey*, for the plaintiff.